**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIMOTHY WAYNE KETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-20-279-RAW-KEW |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Wayne Ketcher (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 54 years old at the time of the ALJ's decision. He has a limited education and past relevant work as a grinder I, sanitation worker, grounds keeper, and grounds supervisor. Claimant alleges an inability to work beginning on February 28, 2018, due to limitations resulting from a heart condition, seizures, vision problems, limited use of the right arm, right arm numbness, sciatic nerve pain, and substance addiction disorder.

### Procedural History

On September 12, 2018, Claimant protectively filed an application for a period of disability and disability insurance

benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 6, 2019, ALJ Michael Mannes conducted a hearing in McAlester, Oklahoma, at which Claimant testified. On December 20, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on June 9, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by (1) failing to perform a proper consistency analysis; (2) failing to properly assess witness and medical evidence and fully and fairly develop the record by obtaining a consultative examination regarding the effects of Claimant's seizures; (3) failing to properly assess symptoms from Claimant's severe substance addition disorder, including depression and suicidal ideation; and (4) failing to make step-five findings supported by substantial evidence.

4

**Evaluation of Subjective Complaints**

In his decision, the ALJ found Claimant suffered from severe impairments of epilepsy, peripheral vascular disease, and substance addiction disorder. (Tr. 12). He determined Claimant could perform light work with additional limitations. Claimant could occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. He could frequently reach, handle, and finger bilaterally. Claimant was to avoid frequent exposure to dust, odors, fumes, and pulmonary irritants, as well as exposure to unprotected heights, unprotected moving mechanical parts, dangerous machinery, large open bodies of water, and driving commercial vehicles. His time off task could be accommodated by normal work breaks. (Tr. 13).

After consultation with the vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of marker, mail clerk, and router, all of which the ALJ found existed in sufficient numbers in the national economy. As a result, the ALJ concluded Claimant has not been under a disability from February 28, 2018, through the date of the decision. (Tr. 18).

Claimant asserts the ALJ failed to properly evaluate his subjective symptoms based upon the use of "boilerplate" language and the failure to make specific findings regarding his testimony and reports. He also contends the ALJ failed to properly consider

the side effects of his medication, his noncompliance with taking medication, and the witness statements pertaining to his seizures.

After briefly summarizing Claimant's function report, the ALJ summarized the medical evidence and the opinion evidence from the record. (Tr. 14-16). He then noted that "the evidence of the [C]laimant's daily activities along with the objective medical evidence discussed above establishes the [C]laimant has a greater sustained capacity than he alleges." The ALJ concluded "the [C]laimant's subjective complaints and alleged limitations are not fully persuasive and that he retains the capacity to perform work activities with the limitations as set forth above." (Tr. 16).

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ, however, "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). An ALJ is not required to conduct a "formalistic factor-by-factor

6

recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's evaluation of Claimant's symptoms, however, did not include any discussion of Claimant's hearing testimony, third-party function report, or seizure description forms. At the administrative hearing, Claimant testified that he no longer drove because of his seizures. (Tr. 36). He could not work because of his seizures, shortness of breath caused by heart disease, and right arm numbness (Tr. 42, 51, 55). He could take a shower, make a sandwich and use the microwave, but he did not help with household chores. (Tr. 59-61). Claimant has received emergency treatment for his seizures, and he has them several times per month and sometimes multiple seizures at a time. He admits to having missed doses of medication, but he tries to take his medication. He has had seizures when not taking medication, but he has also had them when taking medication as directed. (Tr. 43). Claimant has had seizures when not taking drugs. (Tr. 63).

The record also contains a third-party function report from Claimant's friend and two seizure description forms from witnesses who observed Claimant having seizures. (Tr. 203-210, 251-52, 253-57). On the seizure description forms, the witnesses described the characteristics and severity of Claimant's seizures and provided details about their frequency. Such evidence is "considered

7

evidence from nonmedical sources." *Keener v. Saul*, 2021 WL 2460614, at *3 (W.D. Okla., June 16, 2021) (quotation omitted). Under the new regulations, "[a]n ALJ is not required to articulate how [he] considered evidence from nonmedical sources." *Id*. An ALJ is not, however, absolved from considering non-medical source evidence when formulating the RFC. Such statements from family or friends are still to be considered by the ALJ. *Id*., n.4 ("[C]urrent regulations continue to require the ALJ to consider all the relevant medical and other evidence in your case record when formulating the RFC.") (quotation omitted).

The ALJ's evaluation of Claimant's symptoms was conclusory and did not "closely and affirmatively" link his findings to substantial evidence in the record or articulate any reasons for his findings. *See Kepler*, 68 F.3d at 391 ("[T]he link between the evidence and credibility determination is missing; all we have is the ALJ's conclusion."). The ALJ did not mention Claimant's hearing testimony in the decision, he failed to specifically address factors pertinent to the evaluation of symptoms (other than a cursory reference to Claimant's daily activities), and he failed to even mention the third-party function report or the seizure description forms. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996)("[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative

evidence he rejects.") (citation omitted); *see also Kimes v. Commissioner, SSA*, 817 Fed. Appx. 654, 659 (10th Cir. 2020) ("Such significantly probative evidence may include lay witness testimony."). Although the ALJ is not required to specifically articulate how he considered evidence from non-medical sources, in this case where there is little evidence regarding the frequency and characteristics of Claimant's seizures, the evidence may be relevant to the ALJ's evaluation of the record, and the decision should at least conclusively convey that he considered the evidence.

On remand, the ALJ should conduct a proper evaluation of Claimant's symptoms. He should properly consider Claimant's testimony from the administrative hearing, the third-party function report, and the seizure description forms and then clearly articulate reasons for how he evaluates Claimant's symptoms.

**Consideration of Seizures and Mental Impairments**

Claimant also argues that the ALJ failed to fully develop the record by failing to obtain consultative examinations to evaluate his seizures and his limitations associated with his substance abuse disorder. Regarding his seizures, Claimant's representative requested a consultative examination by a neurologist after the hearing but before the ALJ issued his decision. The ALJ did not order an examination. Claimant contends that an examination is warranted based upon a lack of evidence in the record addressing

9

the frequency and functional impact of his seizures. This Court agrees and directs that a neurological consultative examination be conducted upon remand of the case.

Moreover, the ALJ determined Claimant had a severe impairment of substance addiction disorder. (Tr. 12). Yet the ALJ did not include any functional limitations in the RFC associated with the impairment or any other mental impairment nor did he explain why the impairment did not result in functional limitations. Although the ALJ referenced evidence that Claimant was struggling at times (Tr. 14) and a suicide attempt by Claimant in January of 2019 (Tr. 15), he also indicated that Claimant declined a referral to behavioral health. (Tr. 15). The ALJ, however, did not mention that Claimant again reported suicidal ideations in May of 2019 associated with his living conditions and his financial status and suicidal ideations was listed as a chronic problem for Claimant. (Tr. 524). Claimant continued to have suicidal ideations in July of 2019 and in August of 2019 (Tr. 531, 538). Claimant was also suffering from depression. (Tr. 525, 538).

On remand, the ALJ should fully consider the evidence of Claimant's substance addiction disorder and/or other mental impairment and consider whether to refer Claimant for a mental consultative examination. If the ALJ determines Claimant suffers from a severe mental impairment at step two, then the ALJ should fully explain at step four the mental limitations included in the

RFC associated with that impairment, or if the mental impairment does not result in any functional limitations in the RFC.

Because the ALJ's proper evaluation of Claimant's symptoms and reconsideration of Claimant's impairments may result in further limitations in the RFC, on remand, the ALJ should reassess his findings at steps four and five of the sequential process, and determine what work, if any, Claimant can perform.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of August, 2022.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE